# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

SHERMON OBY                                                                                    PLAINTIFF

V.                                                                                    NO. 4:10CV092-P-D

LT. ROBERT STURDIVANT, et al.                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration on Plaintiff's motion for a temporary restraining order.

### Factual and Procedural Background

On July 16, 2010, the Plaintiff, an inmate filed a 1983 *pro se* complaint challenging the conditions of his incarceration. In his complaint, the Plaintiff has sufficiently stated a claim for excessive-use-of-force arising out of an incident which occurred on January 20, 2010. Specifically, the Plaintiff claimed that Defendants Sturdivant and Thigpin beat him. The Plaintiff asserted that he was hit in the head and ribs. Defendant Foster arrived after the initial assault and, according to the Plainitff, Foster then hit him twice. The Plaintiff further stated that the Defendants threatened to kill him. There is no information regarding any injury incurred as a result of the alleged attack.

The Plaintiff has also filed a motion for preliminary injunction against the Defendants. In support of his motion, the Plaintiff submitted that the Defendants assaulted him, again, on August 11, 2010 out of retaliation for a grievance. Further, the Plaintiff explained that he witnessed Defendant Sturdivant "beating" another inmate. When the Plaintiff threatened to tell the warden what he had witnessed, Defendant Sturdivant and three other guards removed him from the cell and beat him. The Plaintiff stated that they slammed his head on a steel cabinet causing cuts and swelling.

**Preliminary Injunction**

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc*., 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

When reviewing an excessive force claim, courts must balance the constitutional rights of prisoners with the needs of officials to effectively use force to maintain order. *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). To establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in

a good-faith effort to maintain or restore discipline . . . ." S*ee Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). Not every malevolent touch gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A *de minimis* use of force, however, is insufficient to state a cognizable Eighth Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Id. at* 700.

In this case, the Plaintiff's motion fails for several reasons. First, the Plaintiff cannot show a substantial likelihood of success on the merits of his claim. Although he avers he was attacked without provocation, the documents submitted with his complaint contradict his claim. His disciplinary record also indicates that the Plaintiff has a long history of behavioral problems including failing to follow orders. For this reason alone, the court may decline to grant the injunction.

Secondly, however, the Plaintiff cannot satisfy the fourth element–that the injunction will not disserve the public interest. The Defendants are charged with safely securing the inmates. If the court were to issue an injunction, it would necessarily be substituting its judgment in place of those who know best how to protect the public from criminals and the inmates from one another. It is clear that the prison administrators are in the best position to determine how to manage the facilities and under the law they are granted wide latitude in doing so. Since the Plaintiff has failed to prove two of the four elements, the motion temporary restraining order is denied.

A separate order in accordance with this opinion will be entered.

THIS the 31st day of August, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE